CASE No. 1036.*

WALLACE v. FOSTER.

1. An assignee, who was also entitled to a beneficial interest under an assignment for the benefit of creditors, deposited with his attorney for safe keeping all papers connected with the assigned estate, and removed into another state; afterwards, upon *ex parte* proceedings by a creditor of the estate, in the Court of Common Pleas, the assignee was removed from his office and the plaintiff was appointed trustee of the creditors, and, as such trustee, plaintiff brought action upon a sealed note, an asset of the estate, payable to the assignee. *Held,* that plaintiff had no right to bring action upon the note.
2. The order removing the assignee and appointing the trustee was an absolute nullity, and may be so declared in any subsequent proceeding, as the court never acquired jurisdiction of the person of the assignee.

Before HUDSON, J., Lancaster, September, 1880.

* Case No. 1035, *Ex parte Dial,* will be found in 14 *S. C.* 584.

Action commenced November 23d, 1877, by Joseph F. Wallace, trustee for the creditors of J. Leroy Davis against J. H. Foster and J. C. Foster, upon a sealed note, given by defendants December 8th, 1857, for $618.59, payable to L. H. Massey, assignee of J. L. Davis, twelve months after date, with interest payable annually.

The case was referred to J. J. Hemphill, Esq., as special referee for final determination and report. Omitting his statement of facts—which are sufficiently stated in the opinion here—and his conclusions upon matters not considered by this court, his report was as follows:

The defendants contend that the court had no power in an *ex parte* proceeding to remove Massey and appoint this plaintiff trustee in his stead; the plaintiff contends, that however this may be, that the Court of Common Pleas, being a court of general original jurisdiction, and having appointed this plaintiff trustee, the question of the mode or manner of his appointment cannot be inquired into in this, a collateral action. While the mode or manner in which the judgment of a court is obtained, *i. e.*, the regularity of the proceedings, cannot be attacked collaterally, it is nevertheless true that the *power* or *jurisdiction* of the court rendering the judgment may be inquired into in any subsequent cause in which the judgment of the first court is a necessary part of the plaintiff's case in the action pending.

The question then is, had the Court of Common Pleas of York county the power to appoint Wallace and remove Massey? The jurisdiction of the court over the *subject matter—i. e.*, its power to remove an assignee and appoint a trustee, has not been questioned; but the defendants contend that the court had no jurisdiction over the *person* of Massey—he being a non-resident and the proceedings appearing on their face to be *ex parte*.

The question of the want of power of the court to appoint this plaintiff a trustee in the place of Massey in an *ex parte* proceeding has been strongly pressed by the defendants, but I think they have not sustained their position. There seems to be no case exactly similar to this in the books, or, at least, I have not been referred to it, nor have I discovered it myself, though a very near approach to it is found in *McLaurin* v. *Thompson,*

*Dud.* 335.   Another case, probably more like the present one, is that of *Ex parte Gulluchat,* 1 *Hill's Ch.* 148.

These cases seem to me to establish the doctrine that the courts will appoint a trustee for an estate upon the *ex parte* application of the beneficiaries of the estate in a case where the first trustee had abandoned his trust and left the state.   If I have read these cases correctly, then the motion for a non-suit should be overruled; for from the defendants' own witness, Massey, it is established that he had removed from the state, had abandoned his trust and had placed the papers in the hands of an attorney to be held by him until the creditors should appoint an agent to take charge of and administer the estate.

But in addition to the above, the defendants, to sustain their motion, should not only show that the proceedings were *in form ex parte,* but should go further and show that Massey did not appear in the proceedings, or at least did not assent to the appointment of Wallace.   The voluntary appearance of Massey in the proceedings would be as effectual to bind him as if he had been made a defendant and served with a summons; and while we might, in general, presume that in proceedings of this form, there were no defendants, still, this presumption is, in this case, overreached by another one, that I am *bound* to make, to wit, that all things were done that ought to have been done, and that the proceedings were regular until the contrary be shown by positive, not presumptive, proof.

Massey was examined by the defendants both by commission and personally, and he was not questioned upon nor does he deny that he assented to the proceedings by which plaintiff was made trustee.

I have examined the cases quoted by the defendants' counsel that were accessible, and though the language used in some of the opinions seems broad enough to cover their position, the circumstances of the cases are so different from this one that I do not consider them as direct authorities here.

I find and report as matters of law—

That the plaintiff, Wallace, was properly appointed trustee, and can maintain this action.

Upon exceptions by defendants to this report, the case came up before the Circuit Court. The presiding judge, upon the matter determined by this court, decreed as follows:

After hearing the pleadings, testimony, report of referee, and very full argument upon the questions raised and presented for consideration, I am constrained to differ with the referee in some of his conclusions.

I think the proceedings by which the assignee, Massey, was removed and a trustee appointed to take charge of the estate, was not only irregular but utterly void, in so far as it attempts to vest in the present plaintiff title in and to said estate.

There is no doubt but that a Court of Equity has full power, under proper proceedings, to remove trustees of all kinds, whether appointed by deed, will or order of court, upon good cause shown and when the exigency requires; and to substitute another instead of the one removed, and to invest him with title to and control over the trust estate. According to the practice in England, so solemn and so important a step was accomplished by bill filed, and a full hearing allowed to all parties in interest, so that the judgment of removal and substitution of the trustee and transfer of the estate became binding upon all parties interested, and who were invariably brought before the court. In South Carolina a less cautious and more objectionable course was at an early day countenanced; and trustees were occasionally removed upon proceedings by petition, and sometimes, though rarely, upon *ex parte* petitions. *Ex parte Galluchat,* 1 *Hill's Ch.* 148; *Ex parte Knust, Bail. Eq.* 489.

But an examination of the cases will show that our Court of Equity always preferred the proceedings to be, as in England, by bill; and while upholding the authority of this court to act on petition even *ex parte*, yet in each case it based its action upon the exigency of the estate and the peculiar circumstances of the case. But it is to be observed that our Court of Equity is abolished; and although full equitable jurisdiction is conferred upon the Common Pleas, and its powers are as large as were the powers of the extinct Court of Equity, yet these powers and this jurisdiction are exercised under and regulated by a greatly altered system of pleading and practice.

We take it that under the code the proceedings in the Common Pleas by which a party is to be divested of his property, and that property transferred to another, is entitled to an action, to be begun by summons, and that the party against whom the remedy is sought, whether resident or non-resident, must be made a party to the action. The note in suit is the property of L. H. Massey—being the proceeds of the sale of property conveyed to him by J. Leroy Davis, upon trust, it is true, but the trusts are coupled with an interest of a very important character, to wit, the right to pay off and discharge debts of Davis for which Massey is personally liable as surety. To remove him from this trust, and to divest him of this property and invest another with all his rights and functions upon an *ex parte* petition of an alleged creditor of Davis, upon the allegation that Massey is insolvent and has left the state without making him a party thereto, or any one in interest, we think entirely beyond the power of the court, and at variance with the rules of pleading prescribed in the code. The proceeding should be by action, commenced by summons, and to which the assignee, though a non-resident, should be made a party as one absolutely necessary to a determination of the action. We do not think that the proceeding by petition in such cases is any longer recognized by the new pleadings.

In special proceedings and applications for extraordinary remedies—*mandamus, quo warranto, habeas corpus,* &c.—the proceeding by petition is not irregular, but in all cases other than special proceedings, the action is the only remedy. But even if proceeding by petition be admissible, we think the assignee a necessary party.

In our judgment the plaintiff has no title to this note and no authority to bring the action. The order of court appointing the plaintiff, we deem not merely irregular, but null and void, as is any judgment against one who is not a party to the action. The fact that Massey was examined as a witness in the cause and made no complaint at being removed, does not alter the case. He had no right to complain or to object, not being a party to the proceedings. The present plaintiff has been, in argument, styled a receiver, and it is contended the court can, on *ex parte*

application, appoint a receiver. But such an officer is only appointed *pending action* either before or after judgment, and even then rarely without notice to the defendant.

It is therefore ordered, adjudged and decreed that the complaint be dismissed, and that the defendants have their costs.

From this decree plaintiff appealed.

*Messrs. Allison & Connors* and *J. F. Hart,* for appellant.

*Messrs. Ernest Moore* and *Wylie & Hough,* contra.

April 30th, 1881. The opinion of the court was delivered by

McIVER, A. J. On February 28th, 1857, J. Leroy Davis made an assignment to L. H. Massey for the benefit of his creditors. The deed of assignment provided that the judgments against Davis should be first paid; next, sundry debts for which Massey was liable as surety for Davis; and lastly, creditors generally. Massey accepted the trust, sold all the property and proceeded with the discharge of his duties as assignee until some time in 1861. After the close of the war Massey became insolvent, and, in 1869, was adjudged a bankrupt, and in 1876 removed to the State of North Carolina, where he has ever since resided. Before leaving the state Massey deposited with his attorney in York county the papers belonging to the assigned estate, including the uncollected assets. In January, 1877, William I. Clawson, claiming to be a creditor of Davis, as assignee of one of the judgments against him, filed an *ex parte* petition in the Court of Common Pleas for York county, stating, among other things, that the petitioner had frequently applied to Massey to obtain his consent to the collection of the assets, but had been unable to do so, and praying "that the said L. H. Massey may be removed from his trust, and that a suitable person be appointed in his place to take charge of and settle up the said estate." Upon this petition the judge of the Sixth Circuit, within which the county of York is embraced, endorsed the following order: "Upon hearing the petition, and on motion of C. E. Spencer, attorney *pro pet.,* it is ordered that L. H. Massey be, and he is

hereby removed from the office of assignee of J. Leroy Davis, and that J. F. Wallace, Esq., [the plaintiff herein] be and he is hereby appointed the trustee of the creditors to settle the estate of the said J. Leroy Davis." It not only does not appear that Massey was ever served with any notice of this proceeding, or made a party thereto, either by publication or otherwise, but it is manifest from the frame of the petition, that it was not contemplated that he should be a party, as there is no prayer to that effect, and no demand that he should answer. Under this order the plaintiff, having obtained possession of the uncollected assets of the assigned estate, brings this action on one of the notes under seal, taken at the sale and made payable to L. H. Massey, assignee of J. Leroy Davis or order.

One of the defences set up by the defendants is a denial that the plaintiff is the legal owner and holder of the note sued upon. The only evidence adduced to show plaintiff's title to the note was the *ex parte* order above referred to removing Massey, the payee of the note, from the office of assignee, and appointing the plaintiff " trustee of the creditors to settle the estate of the said J. Leroy Davis." The Circuit judge holding that this order " was not only irregular but utterly void, in so far as it attempts to vest in the present plaintiff title in and to said estate," sustained this defence, and exception was duly taken. So that the fundamental question raised by this appeal is, whether an assignee can be removed from office and the legal title to the assets of the assigned estate transferred to another by a mere *ex parte* proceeding, of which the assignee has no notice.

Upon general principles, well recognized and founded in reason as well as supported by the highest authority, it would seem to be clear that an order or judgment which purports to deprive one man of the title to property and vest it in another, is an absolute nullity, unless such order is made or judgment rendered in some action or proceeding to which the person whose title is thus divested has been made a party and has had an opportunity to be heard. The fact that Massey was a trustee can make no difference. He had the legal title and could not be deprived of it by a proceeding to which he was not a party, and of which he does not appear to have had any notice what-

ever. But in addition to this he was not a mere naked trustee, for, under the assignment, he was entitled to a beneficial interest, inasmuch as by one of the provisions of the assignment he was authorized to apply the assets to the payment of debts for which he was liable as surety in preference of the general creditors. It would require the strongest and most conclusive authority to induce us to sustain an *ex parte* order of this character. The cases relied upon for this purpose do not, in our judgment, furnish such authority. In *McLaurin* v. *Thompson, Dud.* 335, one McBryde had been appointed administrator of Colin McColl's estate, and upon his removal from the state the Ordinary granted letters of administration to one McIntyre. In a proceeding before the Ordinary for the purpose of obtaining an account of Colin McColl's administration of the estate of Duncan McColl, to which the defendant was a party as surety on the administration bond of Colin McColl, the question was raised whether the appointment of McIntyre was valid without a formal revocation of the letters of administration previously granted to McBryde, and all that the court decided was that the granting of administration to McIntyre was equivalent to a judgment of revocation of the previous grant to McBryde, and, as he was not contesting the new grant of administration, the court would regard it as a revocation. This case, therefore, does not decide the question now under consideration. The next case relied upon is *Ex parte Galluchat,* 1 *Hill's Ch.* 150. In that case an executor, having partially administered the trusts imposed upon him by the will, removed from the state, and having requested that he should be released from his office as trustee, the court, upon the *ex parte* application of the *cestui que trust,* appointed a receiver and discharged the trustee. It is very clear that this case furnishes no authority for the proposition contended for here. No question was raised as to the want of notice to the trustee, and in fact could not be, as the proceedings were instituted at his request. So, too, in the case *Ex parte Knust, Bail Eq.* *489, the point here made did not and could not arise, for there the trustee not only had notice but resisted the application.

It is argued, however, that even conceding that the order removing Massey from the office of assignee and appointing the plaintiff

trustee was erroneously granted, the defendants in this case cannot take advantage of it, and that such order must stand until it is vacated by a proper proceeding for that purpose. If the objection to the order was merely a want of regularity in granting it, then, possibly, there might be good ground for this position. But where the order is absolutely void the rule is different. Where an order has been passed or a judgment rendered by a court in a case in which the court has no jurisdiction either of the subject matter or of the parties, such order or judgment is an absolute nullity, and may be so declared in any subsequent proceeding. In this case there is no doubt but that the court had jurisdiction of the subject matter, but that is not sufficient, it must also have acquired jurisdiction over the person to be affected by the order in question. "Jurisdiction over the person is obtained by service of process, or in some other manner authorized by law, as by the voluntary appearance of a party during the progress of a cause." *Freem. on Judg.*, § 119. In this case the record not only fails to show that the court had acquired jurisdiction over the person affected by the order by service of process or otherwise, but it does not even purport to make any one a party, being strictly an *ex parte* proceeding; and there is, therefore, no room for the presumption that the court had, in some way, either by voluntary appearance or otherwise, acquired jurisdiction over the person whose legal rights were sought to be divested. The order was manifestly granted under the theory that it was not necessary that Massey should be made a party, and we cannot presume that any steps whatever were taken to bring him under the jurisdiction of the court.

The order removing Massey and appointing the plaintiff cannot be sustained, as has been argued here, under Section 3 of Chapter XCVII., General Statutes, page 477. That section only provides for the appointment of an agent by the creditors in case the assignee neglects or refuses to assemble the creditors within ten days after the execution of the deed of assignment for that purpose, and that the agent *so appointed* may apply to the judge of the Court of Common Pleas for an order authorizing him to take into his possession the property assigned, and sell or dispose of the same according to the terms of the deed of assignment. But

that does not apply to this case. There is no pretence that the plaintiff was ever appointed by the creditors as their agent, nor is there any evidence whatever that the assignee failed to call the creditors together within ten days after the execution of the deed of assignment. On the contrary, the evidence is that Massey did call a meeting of creditors before the sale, though it is not stated what was the purpose of such meeting. In addition to this we are not prepared to say that a judge would be justified in granting such an order without notice to the assignee and an opportunity afforded him to be heard.

The plaintiff's title to the note resting solely upon the *ex parte* order above referred to, which, we think, was an absolute nullity, his right to bring this action cannot be sustained.

Under this view of the case the other questions suggested by this appeal cannot arise and need not, therefore, be. considered. Indeed it would, perhaps, be improper now to do so, for if, as we have seen, the plaintiff has no right to bring this action, any adjudication of those questions now would not bind the legal owner of the note, who is not a party to this case, and his rights ought not to be passed upon until he has the opportunity to be heard.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.